No. 39.—DOE, on the demise of JOSEPH S. WORTHY *et al.* plaintiffs in error, *vs.* ROE, casual ejector, and JOHN HAMES, tenant, defendant, &c.

[1.] A sale of lands, under a judgment against an executor, *de bonis testatoris,* conveys a good title to the purchaser, and the title of the heirs is divested.

Ejectment, in Troup Superior Court. Decision at November Adjourned Term, 1849, by Judge HILL.

This was ejectment for title, (and *mesne* profits,) by the heirs at law of Thomas Worthy against John Hames, for a lot of land, owned by Worthy at his death.

It was admitted in the bill of exceptions, that Worthy owned the land at his death; that it was levied on and sold by virtue of a *fi. fa. vs,* his executor and executrix, in the usual form, " to be

levied of the goods and chattels, *lands* and tenements of said Thomas Worthy, to be administered by them."

The only point made was made by plaintiffs, that the title to *the land* of the heirs of Worthy, was not divested by the said Sheriff's sale, which the Court overruled; whereupon, plaintiff's counsel confessed judgment, reserving the right to except to said decision, which was then and there done, and thus the case comes up.

JOHN L. STEPHENS, for plaintiff in error.

B. H. HILL and BULL, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The defendant derives title to the land through a judgment, *de bonis testatoris,* against the executors of the plaintiff's father. The plaintiff insists, that a sale of land, under such a judgment, does not divest the heirs ; because, he says, the title is primarily in the heirs ; that it does not pass to the executor ; and although lands are liable to pay debts, yet only secondarily liable after the personal estate is exhausted, and only then liable, through an order to sell, by the Court of Ordinary. The heirs may, as we have held, maintain ejectment against a stranger. Their title, though, is in subordination to the right, and, indeed, obligation of the representative of the decedent, to appropriate the lands, if necessary, to the payment of debts. Lands are assets in Georgia, to pay debts, as well as personalty. Whether an executor or an administrator can convey a title, except through an order of the Ordinary to sell, would be a very different question—a question not made. There is no doubt but that the law, through a judgment, can sell lands of a decedent. A judgment *de bonis testatoris,* binds all the property of the estate, both real and personal. Here, as well as in England, the personal estate, if there be no express directions in the will about the payment of debts, is generally first liable. It is the duty of the representative so to apply it, and if he fail in this duty, and the real estate is unnecessarily sold, under judgment, to pay debts, he may be guilty of a devastavit. Here is a valid judgment against the whole estate, rendered by a Court of competent jurisdiction. If, by neglect, the

executors have permitted the judgment to pass, and the heirs are wronged by an unnecessary sale of the land, let them look to them. The lien of this judgment attached upon the land, and a sale under it divested their title.

Let the judgment of the Court below be affirmed.