## Charles H. Barry v. Stephen B. Davis.

*Executors: Submitting a demand against the estate to litigation jointly with a demand against another.* An executor or administrator cannot bind the estate by an arrangement with one having a demand against it and also one against a third party, to submit the question of liability and the amount thereof on both demands directly to the circuit court in a single suit.

*Estates of deceased persons:* ' *Claim for services: Evidence.* Where a claimant seeking to recover from an estate for services rendered the deceased in his lifetime has been cross-examined as to whether he had any arrangement as to price with the deceased, with inquiries so framed as to draw out the particulars of the contract of hiring, the party making such inquiries may not afterwards have the evidence stricken out as not responsive in that particular.

*Contracts: Reference to other instruments: Distinct agreements: Construction.* The fact that an agreement between parties mentions another agreement between one of them and a third person, and uses the same language in part, quoting so much as was pertinent, does not necessitate their being read together if not so intended, and where each stands on its own basis and is capable of being construed and enforced independently.

*Evidence: Employes: Silence: Admission: Failure to deny.* The silence of an employe when his employer stated to a fellow employe in his presence that the former was to have a dollar a day and the latter should have the same, ought not to be treated as an admission of the truth of such statement, in his suit for wages, at least not in the absence of any showing that he in fact heard it, or that it was made in such a way as to call upon him to deny it if untrue; and the rejection of evidence of such statement is not error.

*Evidence: Conversations.* The exclusion of parts of conversations between the parties, which are connected in sense with other parts thereof which were admitted and are pertinent to the subject matter in controversy, is held error.

*Heard April 4 and 5. Decided April 18.*

Error to St. Joseph Circuit.

*John B. Shipman* and *Upson & Thompson*, for plaintiff in error.

*H. H. Riley*, for defendant in error.

GRAVES, J :

For some time before his death, John S. Barry was associated in trade with John K. Briggs, and Davis was in their service when Mr. Barry died. He continued with Mr. Briggs, the survivor, and was also 'for a time in the service of Briggs whilst the latter was acting as receiver.

Charles H. Barry is executor of John S. Barry, and a large beneficiary. Davis having a claim for his services in these different positions, and there being some dispute as to the amount of it, it was deemed desirable to adopt some course by which the amount might be lawfully fixed and the payment rendered certain without multiplying proceedings and inflaming the expense. This was deemed practicable through a single suit brought directly in the circuit court by Davis against Charles H. Barry, subject to the controlling force of an agreement in writing. The suit was brought, and the writing framed and executed. The result was, that Davis recovered six hundred and seven dollars and forty-five cents. Barry now asks a reversal on the ground of errors to his prejudice on the trial.

The agreement in question is a personal assumption by Charles H. Barry of the entire liability, more or less, to Davis. The mention of his executorship cannot alter the inherent quality of the arrangement. The estate could not be brought into litigation in the circuit court and be rendered subject to the liabilities and incidents of the proceedings in this way. Whatever moral or legal chances Charles H. Barry may rely on for indemnity out of the estate, the law cannot look upon this suit as one between Davis and the estate of John S. Barry. The action must find its basis and privity in the obligation between Charles H. Barry

and Davis, and the suit must be regarded as one between those persons.

· Davis being on the stand, his counsel was proceeding to show by him that an arrangement existed between him and John S. Barry for the rate of compensation for the first year, and the judge stopped him and remarked that his opinion then was that the conversation could not be shown. His counsel then asked him what his services were worth, and the counsel for Barry objected, that it had appeared an arrangement was made and hence it was incumbent on Davis to prove what that arrangement was. This objection was followed up by Barry's counsel with this claim: "We ask now to cross-examine the witness upon what was said to him by John S. Barry in his lifetime, simply to inquire if there was an arrangement made and what it was." —"We propose to examine him as to whether there was or was not a special agreement between him and John S. Barry as to what was to be paid him that year." The court refused permission, and Davis' counsel then asked him to state what his services were worth for that year, to which he replied: "A dollar a day was what I hired for that year." After this ineffectual trial to interpose and cross-examine at once, as to whether Davis and John S. Barry made an arrangement, and if so, as to what it was, the counsel for plaintiff in error, as soon as the witness came under cross-examination, proceeded to make inquiries so framed as to call out the nature of that arrangement. In view of the explanation when the attempt was made to interpose, the mode of inquiry chosen, when the cross-examination was had, was naturally adopted to elicit a statement of the nature of the arrangement between Davis and John S. Barry. Still after getting the answers the counsel was dissatisfied, and sought some time after to have them stricken out as not responsive. The rulings offered no cause for complaint by plaintiff in error, and the reasons are so obvious that we ought not to consume time in stating them.

Several errors are predicated on the rejection of an agree-

ment made August 2d, 1871, between plaintiff in error and Briggs, and mentioned in the stipulation already alluded to between the parties to this cause. We fail to see how that paper could have aided either side if it had been admitted. It was made between other parties and its provisions could afford no legal explanations in this cause, and all of the matter contained in it having any pertinency whatever to what is disputed in this action is quoted in the agreement made by these parties, and the circumstance that they chose to use some of the language, when they came to make their separate agreement, is not enough. Their contract stands on its own basis and by itself, and must be construed and enforced independently. There is no ground for saying they intended the two instruments should be read together, and we see no reason why they should have intended it.

The witness Carl was allowed to answer a question which plaintiff in error had objected to on specific grounds. Error is assigned upon the ruling, but the position taken below is abandoned, and the objection now urged relates only to the discretionary province of the court in regard to the order and mode of examination. The point in any view is untenable.

The deposition of plaintiff in error was offered in evidence, and on objection the court excluded the answers to the seventh, ninth and eleventh, and distinct parts of the tenth interrogatories. The ruling in regard to the ninth was unquestionably correct. There deponent only assumed to relate what Briggs had said in regard to the wages he was paying.

There is more question about the seventh and eleventh. In those, deponent states that Briggs told Carl in the presence of defendant in error that the latter was to have one dollar per day, and that he, Carl, was to have the same.

It does not appear that defendant in error made any reply, or that he heard the observation or was in a situation to hear it; and if it were true that he heard it, there would still be the question, whether it required him to take

notice of it and deny the statement if untrue, at the peril, if he did not, of having his silence thereafter proved against him as an admission. The remark does not appear to have been directed to him, or to have been made with any view to call upon him to speak out in any way. Under the circumstances, I am inclined to think the plaintiff in error not entitled to a reversal on account of these rulings. Before being entitled to ask the jury to infer any thing against defendant in error in the nature of an assent to, or acquiescence in the statement imputed to Briggs in his presence, the plaintiff in error should, at the least, have shown *prima facie* that defendant in error was in a situation to hear, and did not appear to dissent.

The answer to the tenth interrogatory purports to relate conversations between the parties themselves in regard to the rate of pay which defendant in error had agreed to accept; the plaintiff in error claiming that the price had been fixed by agreement at one dollar per day, and defendant in error contending that he ought to get more, because he could not live on such wages. The court excluded, on objection, a portion of each conversation, and the part excluded was not only connected with the rest in sense, and proper to be read with it by the jury to enable them to set a fair and true estimate upon it, but what was so excluded related somewhat specifically to the vital question between the parties. I can find no substantial support for this ruling. Whether, in case the evidence had been let in, the jurors' judgments would have been changed in any way in regard to the merits, cannot be known. But I discover no legal objection to it, and seeing in the nature of it something that the jury would have lawful right to consider as entitled to some weight in the scale, there seems to be no room for saying the rejection of it was not prejudicial error. For this I think the judgment must be reversed. There are no other points which require notice at this time.

Judgment reversed, with costs, and a new trial ordered.

The other Justices concurred.