THOMAS H. HASKELL, administrator of the estate of HELEN McLEOD ANGIER,

*vs.*

CALVIN HERVEY, administrator of the estate of OAKES ANGIER.

Cumberland.  Opinion December 12, 1882.

*Practice. Executor and administrator. Statute 1873, c. 145. Evidence. Trust. Limitations, statute of.*

The judgment of the justice presiding to whom a case is referred, is conclusive as to the effect of the testimony.

When the executor or administrator of a deceased party is a party to a suit, he may by virtue of stat. 1873, c. 145, testify to any facts legally admissible upon the general rules of evidence happening before the death of such person.

An interested witness can testify in a suit in favor of one party when the other is an administrator.

The reception of inadmissible testimony *de bene esse* by the judge to whom a cause is referred, furnishes no ground of exception unless it appears that his decision was based in whole or in part on such testimony.

A husband received from his wife bonds belonging to her. *Held,* That the question, whether they were received by him as a gift or in trust for her use, is one of fact, as to which the decision of the presiding justice hearing the cause, is conclusive.

Time does not run against a *cestui que trust* until the trust is disavowed, and the disavowal made known to the *cestui que trust.*

ON EXCEPTIONS.

The opinion states the case.

*Benjamin Thompson and Edward Woodman*, for the plaintiff, cited: Stat. 1873, c. 145; R. S., c. 82, § 82; *Kelton* v. *Hill*, 59 Maine, 259; *Gunnison* v. *Lane*, 45 Maine, 165; *Rawson* v. *Knight*, 73 Maine, 342; *Blaisdell* v. *Cowell*, 14 Maine, 373; *Ward* v. *Chase*, 35 Maine, 515; *Jones* v. *Lowell*, 35 Maine, 538; *Paul* v. *Frost*, 40 Maine, 295; *Wright* v. *Boston*, 126 Mass. 164; *Corinth* v. *Lincoln*, 34 Maine, 312; *Stewart* v. *Hanson*, 35 Maine, 509; *Cogswell* v. *Doliver*, 2 Mass. 222; *Hooper* v. *Taylor*, 39 Maine, 224; *Silver* v. *Worcester*, 72 Maine, 322; *School District* v. *Ætna Ins. Co.* 62 Maine, 330; *Mussey* v. *Mussey*, 68 Maine, 346; *Keen* v. *Jordan*, 53 Maine, 146; *Berry* v. *Jordan*, 53 Maine, 402; *Curtis* v. *Downes*, 56 Maine, 25; *McCarthy* v. *Mansfield*, 56 Maine, 540; *Willard* v. *Randall*, 65 Maine, 81; *Frost* v. *Frost*, 63 Maine, 404; *Robinson* v. *Hook*, 4 Mason, 150; *Hemenway* v. *Gates*, 5 Pick. 321; *Sherwood* v. *Sutton*, 5 Mason, 143; *Bresnihan* v. *Sheehan*, 125 Mass. 13; *Blake* v. *Blake*, 64 Maine, 177; *Trowbridge* v. *Holden*, 58 Maine, 120; *Webster* v. *Webster*, 58 Maine, 139; *Junks* v. *Grover*, 57 Maine, 586.

*William H. Fogler*, for the defendant.

The case comes to the law court on exceptions. As the findings of the presiding justice as to the facts are final and conclusive, the office of the report of the evidence is merely to explain the exceptions.

At common law neither the plaintiff nor Fred W. Angier were competent witnesses, one being a party and the other interested.

The statutes admitting parties and interested persons to testify are in derogation of the common law and are to be strictly construed. The right of such persons to testify is not to be inferentially presumed. *Dwelley* v. *Dwelley*, 46 Maine, 377; *Kelton* v. *Hill*, 59 Maine, 261; *Berry* v. *Stevens*, 69 Maine, 291.

The statute, R. S., c. 82, § 82, removing disability of interested parties, does not apply to cases in which an administrator is a person. See *Berry* v. *Stevens*, 69 Maine, 290, 291; *Jones* v. *Simpson*, 59 Maine, 180.

Could the plaintiff testify to facts occurring before the death of the defendant's intestate? The plaintiff's intestate, if living, could not have so testified unless the defendant had first testified in relation thereto. The rule of exclusion applies to every party "adverse" to this defendant in his representative capacity, and that includes this plaintiff in his representative capacity. R. S., c. 82, § 87.

The extract from Mrs. Angier's diary and the letter of Ezekiel Whitman were inadmissible as evidence. It is no answer to our objections to the admission of this testimony that the presiding judge being a man learned in the law, may be presumed to have made his decision upon so much of the testimony as is legally admissible. Nor is it any answer that the testimony had no weight in the mind of the learned judge in the determination of the case.

His report does not show whether the evidence was considered or what weight it had. The point is here. This case was submitted "with the right to except," and it was the right of the defendant to have all inadmissible testimony excluded.

As to the finding that the bonds claimed came into Angier's hands to hold in trust for his wife. The finding of the presiding judge upon the facts is final. Whether or not the facts proved constitute a trust, is a question of law. And the finding of the judge is open to exceptions. *Kellogg* v. *Curtis*, 65 Maine, 59.

Counsel contended that the facts proved in this case did not constitute a trust.

If Angier converted the bonds or any of them fraudulently, the plaintiff can recover for such only as he proves were converted within six years prior to the death of his intestate, there being no proof of any act of concealment on his part and the plaintiff's claim not being for the fraud committed, but for the original cause of action. R. S., c. 81, § § 79, 92; *Cole* v. *McGlathry*, 9 Maine, 131; *Penobscot R. R. Co.* v. *Mayo*, 65 Maine, 566; *Wood* v. *Carpenter*, 101 U. S. 135.

APPLETON, C. J. This is an action of assumpsit for money had and received, brought under R. S., c. 66, § 13, by the plaintiff as administrator of the estate of Helen McLeod Angier,

aga  ust the defendant, administrator of the estate of Oakes
An  or, to determine the claim of the plaintiff's intestate against
the  state of the defendant's intestate, the claim having been
dis  lowed in whole by the commissioners in insolvency.

   ne case was referred to the justice presiding, who found the
foll  wing facts: That Helen M. Angier was, during the last
thi   -five years of her life, the wife of Oakes Angier; that she
die   in May, 1879, and he about one year thereafter; that Mrs.
An   r in 1863, received from her grandfather, Ezekiel Whit-
ma   bonds of the city of Bangor and of the Atlantic and Saint
La   nce Railroad Company, of the par value of four thousand
dol   s, which went into the possession of her husband, to hold
for   r in trust, and that he in his lifetime, without her permis-
sio   converted them to his own use; that in August, 1866,
Mr   Angier received from William Willis, executor of the last
wil   d testament of Ezekiel Whitman, six bonds of the city
of I   land, of the par value of one thousand dollars each, which
in h   manner went into the possession of her husband, and were
col   d and converted to his own use, without the permission
of   . Angier.

   I   these findings he ruled that the statute of limitations
con   ted no bar to the claim, and that ten thousand dollars
she   e allowed against the estate of Oakes Angier.

   I   tions have been alleged, and the whole testimony has
be   orted. So far as relates to the effect of the testimony,
if a   sible, the judgment of the justice by whom the cause was
hea   conclusive. The questions to be determined have rela-
tion   he admission of evidence and his rulings in matter of law
up   same. All rulings during the progress of the trial which
are   found in the exceptions are to be deemed as waived.

   I   s objected that the plaintiff, who represents Mrs. Angier,
is 1   ompetent witness. We think otherwise.

   I   rovided by c. 145 of the acts of 1873 that "in all cases
in v   an executor, administrator or other legal representative
of   used person is a party, such party may testify to any
fac   lly admissible upon the general rules of evidence, happen-
ing   e the death of such person; and when such person so

testifies, the adverse party shall neither be excluded nor excused from testifying in relation to such facts, and any such representative party or heir of a deceased party may testify to any facts legally admissible upon general rules of evidence, happening after the decease of the testator, intestate or ancestor; and in reference to such matters the adverse party may testify."

The language is most general. It applies in all cases when an executor, administrator or other legal representative of a deceased person is a party. The plaintiff assuredly is such. The wisdom of the statute is apparent, as without it material and important evidence necessary for the purposes of justice might otherwise be excluded.

II. Fred W. Angier, the son and heir of Mr. and Mrs. Angier, was properly admitted as a witness. The case of *Rawson, Adm'r, v. Knight, Adm'x,* 73 Maine, 340, is directly in point, as well as *Gunnison, Adm'r, v. Lane,* 45 Maine, 165. In the case first cited, both parties represented the estates of deceased persons, and it was held that an interested witness not a party, can testify in favor of one party in a suit where the other party is an administratrix.

III. To the question "What direction did your mother give?" the witness Angier answered: "She requested me to go to the bank and ask them (referring to the officers of the Belfast National Bank,) if they had any bonds pledged as collateral security for father." This is a mere statement of request, which of itself was utterly unimportant. It might, perhaps, if the inquiry had been pursued, have led to something material; but it was not.

IV. Portions of the diary of Mrs. Angier, were received *de bene,* subject to objection. They are as follows: "Received of grandpa, July 10, 1863, stock on city of Bangor, payable at Webster Bank, Boston.

"Atlantic and St Lawrence, payable on City Bank, Boston, every six months."

All that this would tend to prove was the reception of some stock, but how much is not stated. But that Mrs. Angier had received stock could hardly have been deemed a question in issue,

the evidence received without objection is so plenary on that point. No court would have set aside the verdict of a jury for such a cause. The evidence was not of the slightest importance. The same remark applies to the letter of Mr. Whitman.

Further, the evidence was only provisionally received. It was admitted *de bene*. If not forming in part the basis of his judgment, it did no harm. Whether it was considered by him, nowhere appears. If not regarded by him as evidence and constituting no ground for his decision, there is no cause for exception, for this would be tantamount to its rejection. *Bangor* v. *Brunswick*, 30 Maine, 398. The fact of the gift of the bonds was not in controversy.

V. That Mrs. Angier had certain bonds by gift from her grandfather, will hardly be disputed. That they were in the hands of her husband is not denied. Whether they were in his hands as the donee of his wife or as her agent or trustee, is the issue presented for determination. If he was her donee, there could have been no misappropriation. If he was acting for his wife and as her agent or trustee, there was a misappropriation, if without her assent or permission, he applied them or their proceeds to his own use.

Here was a question of fact. It was for the determination of the justice hearing the case. His finding as to the facts in issue, is conclusive. The evidence is ample on which it rests.

VI. The finding that there was a trust, is conclusive on the parties. There was no denial of the relation by the trustee, and no adverse possession. The finding the claim not barred, is in accordance with the decision in *Frost* v. *Frost*, 63 Maine, 399 ; Hale on Trustees, 264. Time does not begin to run until the trust is disavowed and the disavowal is made known to the *cestui que trust*.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.