LAURA T. LOMBARD *vs.* FLAVEL A. CHAPLIN.

Cumberland.     Opinion December 16, 1903.

*Evidence,* Admissions by party's letter. Cross-examination based on it makes entire letter admissible. *Waiver.*

It is a principle well settled that the admissions of a party when given in evidence must be taken together, as well what makes in his favor as against him.

*Held;* that when a part of a cross-examination is confined, either by accident or design, almost wholly to the contents of a letter written by the defendant, in some instances to the exact language and in every other to the substance, upon request or offer by the defendant, the whole letter should be submitted to the jury.

In an action for the recovery of damages for injuries received by the plaintiff through the alleged negligence of the defendant in running and operating his automobile so carelessly as to frighten the horse which the plaintiff was driving, causing him to run away, thereby injuring the plaintiff, it appeared from the development of the evidence in the case that the defendant had written a letter to the husband of the plaintiff. This letter was in the possession of the plaintiff's counsel and used by him in connection with his cross-examination of the defendant. *Held;* that the exclusion of the whole letter, when offered later by the defendant, is a matter of exception.

*Also;* that counsel must be deemed to have put in evidence part of a letter whenever he has, in his examination, so referred to it and its contents that the jury must necessarily come to the conclusion that they are listening to testimony concerning the contents of a particular letter.

On motion and exceptions by defendant.    Exceptions sustained. Motion not considered.

Case for personal injuries which the plaintiff alleged she sustained while driving upon a public street, April 22, 1902, in the City of Portland, by reason of the defendant's negligence in the operation of his automobile.    The jury rendered a verdict for the plaintiff and assessed the damages at six hundred dollars.    After the verdict the defendant, besides the usual motion for a new trial, excepted to the rulings of the presiding justice in refusing to admit in evidence, upon defendant's request, a certain letter in the plaintiff's possession.    The letter was written by the defendant to the plaintiff's husband and from it the defendant claimed that plaintiff's counsel had cross-examined him in such a manner as to get a part of it before the jury, to his prejudice.

The exceptions appear in the opinion.

*Frank H. Haskell and Enoch Foster*, for plaintiff.

The letter was never at any time offered in evidence by the plaintiff.    It was not even inspected by the defending attorney, nor did he ask to inspect it.    During that cross-examination not a word of the letter was read, either to the presiding justice, the jury, or the witness.    He was not asked. a single question about the letter, and the examining attorney distinctly disclaimed during the course of the examination any reference to the letter in asking his questions.    He propounded to him certain statements of fact and received from him appropriate answers, at no time asking him what was in the letter. Had he by the least inference asked him what he had written in that letter, the proper course and practice would have been to object to the answer and ask that the letter go in as evidence instead of the defendant's own testimony.    We fail to understand upon what principle of law the defendant can waive his rights to object to what he seems to have regarded as an improper question and require us to put in evidence a self-serving (not self-disserving) letter written to a third party.    Wharton on Evidence, Vol. 2, par. 1101, and cases

there cited. *Carter* v. *Clark*, 92 Maine, 225; *Wright* v. *Boston*, 126 Mass. 161.

This letter was merely used as a memorandum, the same as any ordinary memorandum could be used to elicit certain facts to prove which, if they had not been admitted by the defendant, the letter would have been competent evidence as we understand for the purpose of contradicting his testimony. *Lewis* v. *Hodgdon*, 17 Maine, 267.

Certain questions of fact were asked the witness in that cross-examination in a leading way, all of which were perfectly proper and all of which he admitted to be facts; and we submit that a verbal admission against the party's own interest can be used as primary evidence of the writing against him. 1 Greenleaf on Evidence, §§ 96, 97. *State* v. *Stoyell*, 70 Maine, 360; *Smith* v. *Palmer*, 6 Cush. 513; *Loomis* v. *Wadhams*, 8 Gray, 557.

*Wm. C. Eaton*, for defendant.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SPEAR, J. This is an action in which the plaintiff seeks to recover damages of the defendant for alleged negligence on his part in running and operating the automobile, in which he was riding, so carelessly that the horse which the plaintiff was driving became frightened and ran away, throwing the plaintiff from her carriage and causing her to be injured. The case comes up on motion and exceptions by the defendant, but, as the exceptions must be sustained, it becomes unnecessary to consider the motion.

It appeared from the development of the evidence in the case that the defendant had written a letter to Dr. Lombard, husband of the plaintiff. This letter was in the possession of the plaintiff's counsel and used by him in connection with his cross-examination of the defendant, and the question is, was it such a use as made the exclusion of the whole letter, when offered later by the defendant, a matter of exception?

The plaintiff's counsel, during the cross-examination of the defendant, passed the letter to the defendant with the following inquiries: Q.  Will you look and see if you recognize that letter?  A.  That is my signature.  Q.  Is that your signature?  A.  Yes.  Q.  Is that written by you or dictated by you?  A.  It was.  Q.  I will identify it.  The letter was then marked by the stenographer, "Exhibit No. 2 Plaintiff."  After putting several other interrogatories to the defendant, plaintiff's counsel then asked this question, which is quoted as an introduction to the important questions which follow relating to the letter.  Q.  That was over two hundred feet away and the horse was running directly towards you?  A.  I said that was my idea of the way she was running.  Q.  When did you say that?  A.  I just said it.  Q.  Did you ever say it to anybody before to-night?  A.  I don't remember.  Q.  *Did you write* it to Dr. Lombard?  A.  What?  Q.  That the horse was running furiously towards you?  A.  I think I did.  *You have it in your hand.* I think I did.  I have said it was *my signature on the letter*.  Q.  I am not asking you anything about your letter.  I am asking what you said or *wrote to him.*

After a long cross-examination, confined, either by accident or design, almost wholly to the contents of the letter, in several instances to the exact language, and in every other to the substance, counsel for the defendant, on the ground that a part had been put in evidence, requested that the whole letter should be submitted to the jury.  In opposing this request, plaintiff's counsel said, "I have not offered it in evidence and I have only used it for such purposes as I saw fit in propounding my questions."  Later when the defendant's attorney formally offered the letter, counsel for plaintiff again said, "I admit I had the letter in my hand, and I had other papers, and I read what I pleased, anything to refresh my memory."  All of the above contention and everything else said and done with respect to the admissiblity of this letter took place in the presence of the jury. While counsel for the plaintiff denied that he had read a word from the letter, and, from his own standpoint of what constitutes the reading of extracts from a letter, undoubtedly felt justified in making the statement, the real question is, were extracts, as a matter of

fact, read or quoted, in the questions put to the defendant, so as to impress the minds of the jury that parts of the letter were being put in evidence? A few quotations from the testimony will fully justify an affirmative answer upon this point. The letter had been acknowledged by the defendant, and identified and marked as an exhibit by the stenographer. After this had been done, plaintiff's counsel, with the letter in his hand, asked the defendant directly. "Q. Did you write it to Dr. Lombard?" Defendant inquired "What?" Supply what is implied in his inquiry and it will read, "Did I write *what?*" Counsel answered, "That the horse was running furiously towards you?" Supply what is implied in this answer and it will read, "Did you write to Dr. Lombard that the horse was running furiously towards you?" The defendant replied, "I think I did. You have it in your hand. I think I did."

There is neither evidence nor pretense that there was any other written communication from the defendant to Dr. Lombard than the letter. This being true, the above cross-examination by plaintiff's counsel purports upon its face to be a direct inquiry as to what the defendant wrote Dr. Lombard in the letter held by counsel in his hand, there being no other letter or writing upon which the inquiry could be based. While the language put into the defendant's letter by the inquiry was not an exact quotation, yet if counsel varied the language of the letter when apparently putting it to the defendant as a quotation, and it was admitted by the defendant as such, then the greater is the reason for admitting the entire contents of the letter, not only for the purpose of explaining or modifying a correct quotation with reference to its context, but of stating in exact terms a garbled one.

The true principle is this, that counsel has put in part of a letter whenever he has in his examination so referred to it and its contents that the jury must necessarily come to the conclusion that they are listening to testimony concerning the contents of a particular letter. Applying this principle to the case at bar and it becomes manifestly clear, that the jury could have but come to the conclusion that extract after extract from the letter was being put in evidence by way of interrogatories put to the defendant on cross-examination.

Did the putting in evidence a part of the letter, as above shown, entitle the defendant to the right to put in the whole letter? We think it did. It is claimed that the whole letter is inadmissible, even if a part of it had been put in evidence, as it was a self-serving, not self-disserving, statement made to a third party. If the writer of the letter was a witness only, it is true that the letter could be used only to contradict him and impeach his credibility, and not for the purpose of proving or disproving any fact material to the issue involved. But when the writer is also a party, this rule does not apply, for every statement in his letter, to whomsoever written, may be taken as an admission to prove or disprove any fact relevant to the issue.

In the former case, where the writer is a witness only, his letter would be admissible only to contradict his present testimony. But in the latter case, where the writer is also a party, his statement may be used to contradict his present testimony, or as an admission of fact if material to the issue. In the case at bar, the extracts from the defendant's letter could not have been used to contradict his present testimony, for no such contradiction appeared or was claimed; hence they must necessarily have been used as admissions of fact on the part of the defendant. Considering this letter then as an admission previously made by the defendant, did counsel for the plaintiff, by introducing a part of it, thereby give the defendant the right to introduce the balance? We think he did. This court in *Storer* v. *Gowen*, 18 Maine, 176, have held that, "It is a principle well settled that the admissions of a party, when given in evidence, must be taken together as well what makes in his favor as against him. Both are equally evidence to the jury, who will give every part of the testimony such credence as it may appear to deserve." *Hammatt* v. *Emerson*, 27 Maine, 308, 336, 46 Am. Dec. 598. In an early decision in Mass. *Whitwell* v. *Wyer*, 11 Mass. 91, this is the language of the court: "Where you rely upon a confession you must take it all together." And the same court says in *O'Brien* v. *Cheney*, 5 Cush. 148: "The general principle for which the defendant contends, namely, that, when the admission of a part is offered in evidence, he is entitled to have the whole of what he said on the subject, at that interview, stated as a part of the evidence, is correct and is not denied." See

also *Adam* v. *Eames,* 107 Mass. 276; *Dole* v. *Wooldredge,* 142 Mass. 161.

In regard to the admission of the defendant, the court say in *Mattocks* v. *Lyman,* 18 Vt. 102: "That the whole declaration of the party made at one time, as well that in his favor as that which is against him, must be received and weighed." And in *Moore* v. *Wright,* 90 Ill. 473, the court holds that, "Where a party's admissions are called for, the party calling for the same is bound to take all the other party said upon the occasion concerning the matter in dispute, whether it makes for or against him." It is unnecessary to make further citations. The above, we think, is a fair statement of the practice both in this country and England with respect to the admissibility of admissions as testimony.

The plaintiff contends that, even if a part of the letter was in evidence, by way of cross-examination, the defendant waived his right to put in the balance, by failing to object to the method of putting in the contents of a written communication, and not calling for the best evidence, the writing itself. It is true that the defendant waived all objection to the manner of putting in the evidence, but this is the extent to which he has waived any rights in the matter. It seems to us unimportant and immaterial how a part of the contents of a letter are put into the case, so far as the right to have the balance put in is concerned. And we hardly see how the plaintiff, when he had been permitted by the waiver of the defendant to put in secondary evidence of the contents of a part of a writing, the primary evidence of which, the writing itself, he had in his possession, can complain, if the defendant demands the admission of the balance of the writing. The plaintiff was alone responsible for putting in evidence a part of the letter. He alone chose the manner of doing it. He had the letter in his hand as the best evidence. He could have used it. He chose however to use secondary evidence. The defendant's rights should not be impaired by the voluntary act of the plaintiff's counsel over which he had no control. The whole letter, after the use made of it in cross-examination, should have been admitted in evidence. It is not for us to say what would have been the effect of the letter upon the verdict. It might and it might not have had any. But that was

a question for the jury and not for the court. They were entitled to consider the contents of the whole letter, whatever its weight.

Says Greenleaf on Evidence: "Unless the whole is received and considered, the true meaning and import of the part, which is good evidence against him, cannot be ascertained. But though the whole of what he said at the time, and relating to the same subject, must be given in evidence, yet it does not follow that all parts of the statement are to be considered as equally worthy of credit; but it is for the jury to consider under all the circumstances, how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor, as those making against him." 1 Greenl. Ev. § 201. The same view is sustained in *Barry* v. *Davis*, 33 Mich. 515, where it is said: "The court excluded, on objection, a portion of each conversation, and the part excluded was not only connected with the rest in sense, and proper to be read with it by the jury to enable them to get a fair and true estimate upon it, but what was so excluded related somewhat specifically to the vital question between the parties. I can find no substantial support to this ruling. Whether, in case the evidence had been let in, the jurors' judgments would have been changed in any way in regard to the merits, cannot be known. But, I discover no legal objection to it, and seeing in the nature of it something that the jury would have lawful right to consider as entitled to some weight in the scale, there seems to be no room for saying the rejection of it was not prejudicial error. For this, I think the judgment must be reversed."

In Maine the whole of an oral admission is admissible, although it may contain a reference to matters entirely impertinent to the issue to be tried, if so connected that it cannot be separated from the whole.

It was so held in *Lord* v. *Moore*, 37 Maine, 217, 218, where it is said: "Declarations of the defendant, relating to matter in no wise connected with the subject matter then before the jury, could not properly be admitted in evidence. But when the declarations of a party which refer to other matters, are by him so intermingled and connected with other declarations which are pertinent to the issue to be tried, that they cannot be separated without modifying the signification of the pertinent matter, or to render its meaning obscure,

then the whole conversation becomes competent testimony, and should be admitted."

*Exceptions sustained.*