WALTER S. LADD

*vs.*

EVA E. BEAN, Exec. of Will of Martha J. Merrill.

York.    Opinion November 12, 1918.

*Witnesses.   Verdict.   Burden of proof.   General rule where one renders beneficial services to another and the same are accepted and availed of by the person so receiving them.*

The plaintiff relying upon an implied contract, brought a civil suit against Martha J. Merrill, who died before the case came on for trial, and whose executrix defended it, to recover a balance claimed to be due as wages for labor performed by him from an indefinite time in the year of 1911 to December, 1915, on a farm in Saco.   He recovered a verdict for $582.42, a less amount than he sued for.

It is elementary to say, that where one renders beneficial services to another, and the latter knowingly and with approbation accepts and avails himself of these services, the law ordinarily supposes a request and a promise to pay what they are reasonably worth, but the hypothesis is by no means conclusive.   If a plaintiff produce evidence ample to prove a case unless answered, and the defendant replies, it then remains to be seen, following the ebb and flow of the testimony, whether that response be sufficient.

For the reason that his suit was tried against the legal representative of a deceased person, the plaintiff himself was precluded to testify.   He called several witnesses who testified that, during the years he claimed to recover for services, he lived on the farm, and as they passed by or went directly to it, they saw him working there.   A witness called by the defendant declared that he was present when the plaintiff and Mrs. Merrill entered into a contract by the terms of which the former was to go to live on the farm, and keep it in order, for what it would yield; excepting that, as was otherwise shown, of the hay crop he should have only sufficient for fodder for his horse.

Witnesses are to be judged not so much by numbers as by the weight of the evidence given by them.   And the weight of the evidence depends upon its effect in inducing belief.   Simple, natural and reasonable narration by a single witness from personal knowledge, of the essentially complete details of a transaction should, and does, stamp conviction on an impartial mind conscientiously seeking truth, to a greater degree than the aggregate testimony of several witnesses, each apparently as reliable and as honest as the single one, but aware only partially of the facts of the case, and whose attestations are equally consistent with the contention of either of the opposite litigants.

In this case it appears that the verdict was not founded on a careful scrutiny and examination of the evidence. It is so palpably wrong as to necessitate the court to set it aside and grant a new trial.

Action of assumpsit upon account annexed. Defendant filed plea of general issue. Verdict for plaintiff. Defendant filed motion for new trial. Motion sustained. New trial granted.

Case stated in opinion.

*John P. Deering*, for plaintiff.

*Eva E. Bean, and Clarence Webber*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

DUNN, J. While she was yet living, Walter S. Ladd brought a civil suit against Martha J. Merrill, relying upon an implied or quasi contract, to recover a balance claimed to be due as wages for labor performed by him, from an indefinite time in the year of 1911 to December, 1915, on a farm in Saco; the title to which Mrs. Merrill then recently had acquired by inheritance from her father, but which she did not personally occupy. The case came on for trial, at a York term, in January 1918, after Mrs. Merrill's death, and was defended, under a general denial of liability, by the executrix of her will.

In his writ the plaintiff says, that from 1911 to 1912 he worked for the decedent 120 days; from 1912 to 1915, 450 days; and in the year last mentioned 70 days, at $1.75 a day in each instance. Without being more specific he extends debits which foot up to $1220.00. He credits, house rent 43 months at $5.00 a month $215.00, and hay for his horse 3 years $219.00. the sum total of the two being $434.00; leaving a balance of $786.00. But there is error in his computation of the amount of the second debit item. It should be $100.00 less than as stated. Correction of this, and amendment likewise through the bill, would leave the balance $686.00. Verdict was for $582.42, equivalent to an allowance of approximately $1.59 a day.

For the establishment of his case, the plaintiff, himself precluded to testify (R. S., Chap. 87, Sec. 117), called four witnesses, from a reading of the transcript of the testimony of whom it appears, that the Merrill farm consisted of 25 to 30 acres of sterile land, with a one and one-half story house and a barn, where Mr. Ladd came to live in 1911 and thence continued to dwell to and including all or a portion

of 1915. During his occupancy, as these witnesses either traveled by the place or went there to traffic or for neighborly converse, they saw him at work on or about it. The farm was mainly set apart to the growing of grass for hay, but the annual yield was meagre, not far from one-half ton to the acre,—ten to twelve tons in all. The plaintiff helped to make the hay, and of it had fodder sufficient for his horse. One year he raised, and the fair inference of the case is that he fed out, 12 to 15 bushels of oats. His tillage comprised an acre, possibly an acre and one-half. On this he every year raised for his own use, and therefrom may have sold too, potatoes, turnips, beans, corn, squash, cabbage, and other plants and vegetables. At odd times he cut down bushes growing along the wall by the roadside; he made slight repairs to the buildings, namely, by causing a plank to be put in the barn door that it might open and shut the better, and by renewing an outside door for the cellar. Not infrequently he worked away from home. The extent of his labor at the farm is variously estimated from one-third to one-half of the time in each year, and the usual daily wage of man in like employment stated to have been $1.50 to $1.75, with increase to $2.25 through the haying season.

It is elementary to say, that where one renders beneficial services to another, and the latter knowingly and with approbation accepts and avails himself of these services, the law ordinarily supposes a request and a promise to pay what they are reasonably worth, but the hypothesis is by no means conclusive. If a plaintiff produce evidence ample to prove a case unless answered, and the defendant replies, it then remains to be seen, following the ebb and flow of the testimony, whether that response be sufficient.

In this case a witness testified, that, in his presence and hearing, Mrs. Merrill and Mr. Ladd, at the home of the former, entered into an agreement by the terms of which, for the consideration of its use and its revenue, exclusive the hay crop, (and of that enough, as is otherwise shown, for the feed of his horse), Ladd was to live on and take care of her farm, during the term, as the court concludes, of their mutual pleasure from year to year. Said the witness: "They (Mrs. Merrill and Mr. Ladd) were talking about going on the farm." "He was to raise whatever he could there, and he was to have it, and he was to help Mr. Merrill to gather the hay, keep the bushes cut down, and look after things up there for the rent, as they wanted somebody there to cover the insurance."

Witnesses are to be judged not so much by numbers as by the weight of the evidence given by them. And the weight of the evidence depends upon its effect in inducing belief. Simple, natural, and reasonable narration by a single witness, from his personal knowledge, of the essentially complete details of a transaction should, and does, stamp conviction on an impartial mind conscientiously seeking truth, to a greater degree than the aggregate testimony of several witnesses, each apparently as reliable and as honest as the single one, but aware only partially of the facts of the case, and whose attestations are equally consistent with the contention of either of the opposite litigants.

The defendant's witness is disinterested, uncontradicted, and of credibility unchallenged. The tale that he told is likely. There is evidence that the plaintiff vacated the farm and buildings in dilatory compliance with Mrs. Merrill's request that he remove. That asking may have caused him to be displeased with a compact fairly made. But to rue his contract so created, whatever the reason, would not justify its renouncement and the recovery of damages regardless thereof, for the law will not esteem as of proper advantage to man the undue breaking of the word that he plighted in accordance with her terms. In fine, with performance of the agreement which he and the defendant's testate made, the plaintiff ought to be content and satisfied. At all events he should cease to complain.

The verdict was not founded on a careful scrutiny and examination of the evidence. It is so palpably wrong as to necessitate the court to set it aside and grant a new trial.

*Motion sustained.*
*New trial granted.*