ELLSWORTH E. PEACOCK, Admr., d. b. n.

*vs.*

ABBIE C. W. AMBROSE.

Kennebec.    Opinion April 28, 1922.

*Evidence of statements by an intestate during his lifetime, that he intended to give his property to the defendant is admissible upon the question of intent, and evidence of statements that he had given his property to defendant is admissible as being admissions against interest. The statute of limitations may be invoked in an action brought by an administrator who and his predecessor were familiar for more than six years prior to the bringing of the action with all the facts and defendant's claim in relation to the property involved.*

Evidence of statement by intestate during his lifetime that he intended to give his property to the defendant was properly admitted upon the question of the intent with which a certain power of attorney was given by the plaintiff's intestate.

Evidence of witnesses that plaintiff's intestate had on several occasions stated that he had given his property to the defendant was properly admitted as being admissions against interest.

The testimony of the administrator in the Probate Court in 1914 showing his familiarity with the claims of the defendant as to the gift to her by the plaintiff's intestate from the time of his appointment in 1910 was admissible as showing knowledge on the part of the representative of the estate of the claims of the defendant for more than six years prior to the beginning of this action.

While there may have been no eye witness of a delivery from the plaintiff's intestate to the defendant of the property in question, there was evidence of a completed gift from which the jury may have properly found that there had been a delivery, the property being in the possession of the defendant.

This action is clearly barred by the statute of limitations. Not an action by heirs of deceased, but by the representative of his estate. The statute began to run upon the appointment of the administrator in 1910, who was familiar with all the facts and the defendant's claim in relation to the property involved in this action.

On motion and exceptions. This is an action for money had and received to recover $13,622.28 with interest, consisting of bank deposit accounts and promissory notes. On July 30, 1910, Edward P. Faunce, intestate, died in Readfield in Kennebec County, at the home of his sister, Abbie C. W. Ambrose, the defendant. In the fall previous he had been ill and early in December had a shock, and went to the Central Maine General Hospital in Lewiston where he remained until April 14, 1910, when he was removed to his sister's home in Readfield. While at the hospital he gave to his sister, the defendant, as she claimed the money deposited in the various banks and the notes, while the plaintiff contended that the deposits and notes were collected by the defendant by virtue of a power of attorney and that she held the money so collected in a fiduciary capacity. The defendant pleaded the general issue and a brief statement, invoking the statute of limitations, and in addition claimed the money as a gift from plaintiff's intestate, *inter vivos.* The case was tried to a jury and a verdict for defendant rendered. Plaintiff filed a general motion for a new trial, and took exceptions to the admissibility of certain testimony. Exceptions and motion overruled.

The case is stated in the opinion.

*E. M. Thompson and E. E. Peacock,* for plaintiff.

*Andrews, Nelson & Gardiner,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

WILSON, J.   An action of assumpsit for money had and received to recover of the defendant certain sums of money and a certain promissory note originally the property of the plaintiff's intestate, Edward P. Faunce, and alleged to be a part of his estate, the possession of which was obtained by the defendant in the lifetime of the deceased under a power of attorney given to her by the deceased, who was her brother, before his death, and which it is alleged the defendant refused to account for or deliver to the representative of the estate of the deceased.   It is also alleged that the defendant has fraudulently concealed from the heirs of the deceased and from the representative of his estate the cause of action on which the plaintiff in his representative capacity is now suing to recover.

The defendant pleads specially the statute of limitations and under the general issue denies any liability, claiming a gift to her *inter vivos* by the plaintiff's intestate of all the property described in the plaintiff's writ.

The jury found for the defendant and the case now comes before this court on exceptions of the plaintiff to the admission of certain evidence and a motion for a new trial on the usual grounds.

In proof of the alleged gift *inter vivos*, the plaintiff having introduced evidence that the possession of the property described in the writ was obtained by the defendant under a power of attorney given by the plaintiff's intestate, the defendant offered the evidence of her daughter, who testified that prior to the alleged gift and execution of the power of attorney, the deceased, who was at that time living with the defendant, expressed to the witness his intent of giving all his property to the defendant.   To the admission of this evidence exceptions were duly taken and allowed to the plaintiff and form a part of his bill of exceptions.

We think the evidence was clearly admissible upon the question of the intent with which the power of attorney was given to the defendant.   *Nickerson* v. *Gould*, 82 Maine, 512, 513.   Greenleaf on Evidence 16 Ed., Secs. 14k, 162c.

Exceptions were also taken by the plaintiff to testimony by the daughter and by an old family physician to the effect that the plaintiff's intestate had on several occasions, after the execution of the power of attorney and the taking into possession of the property in

question by the defendant, of which the jury may very properly have found from the evidence the deceased was then aware, especially as to the funds in the bank, stated in substance to each that he had given all his property to the defendant, which, if so, would include the property described in the plaintiff's writ.

This exception must also be overruled. It is urged that it should be excluded as hearsay on the ground that it is not a part of the *res gestae* and is merely a narrative of a past transaction. Not so. The plaintiff in this action is the representative of the deceased's estate. Declarations by the deceased in his lifetime *against his interest*, are admissible against the representative of his estate. *Fellows* v. *Smith*, 130 Mass., 378.

A third exception is to the admission of certain testimony, taken in the Probate Court in 1914, at the request of the plaintiff representing one of the heirs of the deceased, of one Edward C. Ambrose, the defendant's husband who was appointed administrator of the deceased estate in 1910. It was offered for the sole purpose of showing that the representative of the deceased's estate from the time of the first appointment down to the present has always had full knowledge of all the facts now alleged as forming a right of action against the defendant. The administrator was attorney for the deceased in his lifetime, drew the power of attorney, was present when it was executed and was, of course, fully cognizant of his wife's claims thereunder. The plaintiff who was appointed administrator *de bonis non* in 1917 after the death of the defendant's husband learned all the facts, on which he now bases his cause of action against the defendant, at the hearing in the Probate Court in 1914.

This piece of evidence was objected to, not on the ground that the substance of the testimony was prejudicial, but on the ground that any knowledge which his predecessor had was no bar to any action by him as the representative of the estate. The contention of the plaintiff being, as we understand it, that because he personally or his client did not have full knowledge of all the details of the defendant's claim to this property and that she refused, as he claims, to disclose it to him as counsel for one of the heirs, there was a fraudulent concealment of the cause of action by the defendant, which under Sec. 99, Chap. 86, R. S., would prevent the statute of limitations from running as to him, even though he sues in a representative capacity, until he acquired full knowledge in August, 1914, and that this action was brought within six years of that time.

It is a sufficient answer to this contention, we think, to say that this action is not brought by the plaintiff personally, but in behalf of the estate of Mr. Faunce, the representative of which has had full knowledge of all the facts since 1910, as will more fully appear in the discussion of the motion.

The motion must also be overruled. The jury may have based its verdict on either of two grounds, viz.: that a gift *inter vivos* was shown to their satisfaction, or that more than six years had elapsed since the representative of the estate of Edward P. Faunce had full knowledge of the transaction between her and her brother and of her claim. This court after full consideration of the evidence cannot say the jury's verdict was manifestly wrong. On the contrary, we think no other verdict could have been properly rendered.

The plaintiff lays much stress upon what he contends is a lack of evidence of any delivery of the property in question sufficient to render effective a gift *inter vivos*. . It may be true there is no evidence of eye witnesses to a delivery or of anyone who was present when the gift was completed. The lips of her husband, who prepared the power of attorney by virtue of which at least the manual delivery or change in possession of the property was effected and who was probably cognizant of the intent with which it was done, are now sealed by death and the defendant's by law. It is not quite true, we think, that there is no evidence upon which the jury could have found a completed gift.

The evidence shows, if belived, that the deceased on several occasions, when he knew the property was in the possession of the defendant, said in substance to his niece and to his family physician that he had given all his property to his sister, the defendant. Such a statement implies a completed gift, which includes delivery. Notwithstanding an interest afterwards displayed in ascertaining whether the transfer of the funds had been attended to, and as to the amount of the interest being paid, there is sufficient evidence upon which, if believed, the jury may have found a completed gift.

But even if the evidence does not warrant a verdict for the defendant on this ground, we think the estate of Edward P. Faunce is clearly barred from maintaining any action against the defendant by the statute of limitations. This is not an action by the heirs of the deceased, but by the representative of his estate. The statute of imitations began to run against the estate of Edward P. Faunce as

to any claim against this defendant for this property as a part of his estate at least upon the appointment of the husband of the defendant as administrator in 1910, 11 R. C. L., Section 301. If he failed to properly administer the estate and collect the assets, the remedy of the heirs was in the Probate Court, *Robinson* v. *Ring*, 72 Maine, 140, or, perhaps, in equity, 11 R. C. L., Sections 293-297, *Worthy et als.* v. *Hames*, 8 Ga., 234. They obtained full knowledge of all the facts in 1914, if they did not have sufficient before, which was ample time to ask the Probate Court that the administrator be held accountable for this property, as assets of the estate, or if necessary, request his removal, 11 R. C. L., Sec. 294, Sec. 24, Chap. 68, R. S., in time for his successor to have brought an action to test the validity of the alleged gift before it was barred by the statute of limitations. They saw fit, however, to sleep on their rights, and no action was brought by the administrator, d. b. n., who was their personal counsel until 1920 in the form of these proceedings.

The statute of limitations must now be held to be a bar to any action by the representative of the estate of Mr. Faunce against the defendant to recover this property as a part of his estate.

                              *Exceptions and motion overruled.*


Justice PHILBROOK having formerly been of counsel did not participate.