J. Fred Tobey, Jr.

*vs.*

Richard Quick

---

Edna T. Tobey

*vs.*

Richard Quick

Sagadahoc.   Opinion, November 5, 1953.

*Berman & Berman,* for Plaintiff.

*Edward Bridgham,*

*Harold Rubin,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

FELLOWS, J.    These two actions for negligence were tried together, and tried against the personal representative of the deceased defendant. They come to the Law Court on exceptions. The action of Edna T. Tobey is to recover for alleged personal injuries sustained by her in an automobile accident that occurred in the city of Bath on the second day of November, 1944. The action of J. Fred Tobey, Jr., is brought as her husband to recover consequential damages.

After suits were brought, and while they were pending, the defendant, Richard Quick, died after a very long illness. His executrix was duly cited in and now defends both actions. Both cases were brought in May 1945 and continued on the docket of the Superior Court for Sagadahoc County term after term, either by agreement or by order of court. Trial was had at the October term, 1952.

It was the claim of the plaintiff that she was standing at a bus stop on Washington Street in Bath, Maine waiting for a public bus, when the then living defendant, Richard Quick, negligently drove his automobile in reverse out of his driveway, located opposite the bus stop, and that he crossed Washington Street, and struck the plaintiff Edna T. Tobey.

During the progress of the plaintiffs' cases, the plaintiffs attempted to introduce certain testimony which was ex-

cluded by the presiding justice because the defendant was deceased, and exceptions taken to his refusal to admit such testimony. At the conclusion of the plaintiffs' evidence, the defendant rested, without offering any testimony, and moved for a verdict for the defendant in both cases, which was granted by the court. The personal representative of the deceased defendant, Richard Quick, did not take the stand to testify, nor was any evidence offered on behalf of the defendant.

The bill of exceptions of the plaintiffs sets forth seven matters wherein the plaintiffs excepted to the rulings of the court. Six of the seven related to the exclusion of certain testimony offered by the plaintiffs. The final exception was taken to the granting of the defendant's motion for a directed verdict in both cases. The cases are before this court on the seven exceptions.

## EXCEPTION I

Donald H. Specht, a witness called by the plaintiffs and not a party, testified that he had been employed by the defendant to investigate this alleged accident, and during such investigation he had a certain conversation with the now deceased defendant describing the manner of backing out of the driveway, and that a memoranda was then signed by the deceased. The evidence was excluded and exception taken.

## EXCEPTIONS II AND III

Susan Quick Cahoon, who was not a party to the actions and was called by the plaintiffs, testified that she was a daughter of the deceased defendant and lived with him at 300 Washington Street; that she was home on the afternoon of November 2, 1944 when the plaintiff, Mrs. Tobey, came to her father's home and had some conversation relating to the accident with her father in her presence. The court would not admit all the conversation. That part of

the talk which was made by the plaintiff to the defendant was excluded on the ground that statements made by the plaintiff during the conversation would not be against her interest.

## EXCEPTIONS IV AND V

The plaintiff sought to prove through the witness, Susan Quick Cahoon, the fact that her deceased father knew of the bus stop, as bearing on his knowledge and his care commensurate, by asking if she had ever seen her father taking the bus. This evidence was also excluded, and exceptions noted. The plaintiff further attempted to show, by this witness, a conversation between Mrs. Tobey and defendant Quick when she demonstrated to him a damaged shoe. This evidence was excluded because "asking for conversation by this plaintiff."

At common law, a party to the record in a civil suit could not be a witness. The ancient rule was established not only because of interest but also to avoid perjury. I Greenleaf (6th Ed.), 329; *Hall* v. *Otis*, 77 Me. 122. This old rule has been changed by statute, except in cases where one of the parties has deceased. Revised Statutes 1944, Chapter 100, Sections 115-120. Under the present statute, when the party prosecuting an action or the party defendant is an executor or administrator, the other party is not permitted to testify as to facts happening before the death of the deceased person. (There are some exceptions, not material here, stated in Revised Statutes 1944, Chapter 100, Section 120). The reason for the statute is plain. Where death has closed the mouth of one party, the law seeks to make an equality by closing the mouth of the other.

One applicable portion of the statute relating to the admission or exclusion of testimony, where one of the parties to the action is deceased, is as follows:

"In all cases in which an executor, administrator, or other legal representative of a deceased person is a

party, such party may testify to any facts, admissible upon the rules of evidence, happening before the death of such person; and when such person so testifies, the adverse party is neither excluded nor excused from testifying in reference to such facts, and any such representative party or heir of a deceased party may testify to any fact, admissible upon general rules of evidence, happening after the decease of the testator, intestate, or ancestor; and in reference to such matters the adverse party may testify."

Revised Statutes 1944, Chap. 100, Sec. 120, II.

In the case at bar, evidence offered under the foregoing five exceptions should have been admitted. Had the defendant lived, both the plaintiff and the defendant would have been permitted to tell their recollections of all the facts and circumstances, including all of the claimed conversations. Where the defendant has died, and his personal representative has not taken the witness stand, the plaintiff's mouth is closed. This does not prevent the plaintiff, however, from calling witnesses, who are not parties, to testify to previous talks they may have had with the deceased party, or conversations they heard between the parties, when both were living, provided of course that the testimony is relevant and otherwise admissible under rules of evidence. It does not prevent a witness from stating the words of the living party made in the presence of the then living and now deceased party, and his replies if any, or that he made no reply. The whole of a conversation should be given if asked for. See *Burrill* v. *Giles,* 119 Me. 111, which case comes within one of the statutory exceptions not pertinent here as both parties in the *Giles* case were representative, but the widow and legatee of decedent was called and testified to conversation, and the court construed the statutory meaning of "adverse party." See also *Lombard* v. *Chaplin,* 98 Me. 309, 314, holding where part is admissible the whole of a letter or conversation is admissible.

During the trials of these two cases, the plaintiffs evidently recognized that their lips were sealed, and they endeavored to prove their cases through Susan Quick Cahoon and Donald H. Specht. The testimony of these two witnesses should have been admitted, if the evidence was relevant and otherwise admissible under the general rules of evidence. "The statute of this State includes only parties to the action." *Hospital* v. *Carter*, 125 Me. 191, 193. An interested witness can testify. It is only a party who cannot, in cases where the other party is deceased. *Rawson* v. *Knight*, 73 Me. 340. See *Haswell* v. *Walker*, 117 Me. 427; *Ladd* v. *Bean*, 117 Me. 445; *Haskell* v. *Hervey*, 74 Me. 192. Declarations by the deceased in his lifetime against his interest are always admissible. *Peacock* v. *Ambrose*, 121 Me. 297.

Defense counsel claims that the testimony offered was not admissible and that the rulings of the court were correct because the offered testimony was self serving and hearsay. The defense further claims that the plaintiff was not aggrieved by excluding testimony of Susan Quick Cahoon because she said she could not remember certain parts of the conversation between the parties. The fact that an interested witness could not remember, might permit the plaintiffs under leave of the court to cross examine, which cross examination might refresh recollection. The statements by the living party to the party now deceased and the statements of the deceased party to the now living, would not be the hearsay that is prohibited. It is evidence from the parties when they were together, and if self serving, would not for that reason be inadmissible if the whole conversation of both the parties were admitted for consideration by the jury. *Lombard* v. *Chaplin*, 98 Me. 309, 314.

## EXCEPTION VI

This plaintiff, Mrs. Tobey, through witness Donald H. Specht, attempted to show that the deceased defendant was conscious that he did injury to the plaintiff because he

sought to have a physician examine her. The evidence was excluded. It might be only a matter of argument. It would not necessarily contain the proof claimed. It was a matter of discretion, and we cannot see that the discretion was abused.

### EXCEPTION VII

The exception to the granting of defendant's motion for a directed verdict is not necessary to be now considered, in view of the fact that the first five of the plaintiffs' exceptions should be sustained. If the testimony that was improperly excluded was admitted, and was as definite and certain as is claimed in the offer of proof, there may be sufficient evidence to go to the jury.

Under the facts shown by this record, the court is fully aware of the difficulties of presenting proof where the defendant has deceased and his personal representative defends. The living party must endeavor to prove his case by some witness who is not a party, when, as here, the personal representative has not permitted the "closed door" to open. The law is jealous of the rights of each, and although it may sometimes work an injustice by closing the mouth of the living, it approaches exact justice in the great majority of cases. The witness who is called and is not a party, however, should be permitted or compelled to tell all his knowledge of the relevant facts, subject only of course to the general laws relating to admissible evidence.

The entry will be

*Exceptions sustained.*