W. A. L. RAWSON, administrator,

*vs.*

MYRA H. KNIGHT, administratrix.

Knox.    Opinion April 17, 1882.

</div>

*R. S., c. 82, § 87.    Witness.    Executors and administrators.    Evidence. Rule 22, S. J. C.    Notice to produce papers.    Practice.    Waiver.*

An interested witness, who is not a party, can testify in favor of one party in a suit where the adverse party is an administratrix.

Where the plaintiff, in a suit against an administratrix, contends that the thirty days notice required by the statute to be given administrators as a preliminary step to the suit, was given her by service upon her agent with her consent, and there is a conflict of evidence upon the issue whether such assent was given, it is competent for the plaintiff to show the general business relations between the defendant and the person upon whom the service was made, and that such person had been and was at the time the defendant's agent and attorney in other business connected with the same estate.

Where a party to a suit gives the adverse party notice to produce a paper at the trial, that is a sufficient notice to produce the same paper at any subsequent trial of the same cause.

Upon the issue whether or not there was a waiver by an administratrix of the thirty days personal notice upon herself, it was not error to instruct the jury, "If Stetson [plaintiff] made a verbal demand or claim upon Mrs. Knight [administratrix] in person for the bonds, and she told him to go and see Montgomery, that he was doing her business for her and would attend to it, it is competent evidence upon which the jury may find that she waived the service of the written notice upon her personally, and that service upon Montgomery would be sufficient."

Where the question pertained to the construction to be given to an agreement or paper reading as follows:

                      " Boston, October 29, 1875.

I have this day received of Ruel Philbrook a bill of sale of all the furniture and fixings in number six and seven, Bowdoin square, now owned and occupied by Ruel Philbrook of Boston, to secure to John B. Stetson, for the redemption of two five hundred bonds, which was placed in the hands of John Burbank to raise the sum of one thousand dollars; and should the bond not be redeemed by said Philbrook and delivered to the said Stetson, I agree to indorse over said bill of sale to Mrs. J. C. Stetson, or to any one she may dictate, at any time after sixty days from date hereof. Said bill sale is subject to a mortgage of the same furniture and fixtures given to James Mahoney of the city of Boston, and said Mrs. J. C. Stetson is to have full power to hold and execute said bill sale as I myself.                   E. G. Knight."

*Held*, that there was no error in submitting to the jury to decide under the evidence whether the paper was in fact intended by the parties as a settlement of any previous oral agreement, or intended to be merely collateral and additional thereto.

ON EXCEPTIONS.

This case was once before presented to the law court and reported. 71 Maine.

Assumpsit for the value of two United States government bonds of five hundred dollars each, alleged to have been loaned by the plaintiff's intestate to the defendant's intestate, October 29, 1875.

The opinion states the questions and material facts presented by the exceptions.

*A. P. Gould,* for the plaintiff, cited: *State* v. *Patterson,* 68 Maine, 473; *Todd* v. *Whitney,* 27 Maine, 480; *Homans* v. *Lombard,* 21 Maine, 308; 1 Whart. Ev. 161; *Roberts* v. *Spencer,* 123 Mass. 397; Sedg. Cons. of Stat. Law, 87; *H. and Q. B. and T. Cor.* v. *Norfolk,* 6 Allen, 356; *Ayer* v. *Spring,* 10 Mass. 83; Chit. Pl. (8th ed.) 549; 3 Saunders Pl. and Ev. 241; Howe's Pract. 241; *M. and S. Fund* v. *Rowell,* 49 Maine, 330; *Gunnison* v. *Lane,* 45 Maine, 165; *Walker* v. *Sanborn,* 46 Maine, 470.

*J. H. Montgomery* and *C. E. Littlefield,* for the defendant.

The testimony of John B. Stetson, an interested witness, was improperly admitted. R. S., c. 82, § 87; Stat. 1875, c. 83;

*Jones* v. *Simpson,* 59 Maine, 180; *Hunter* v. *Lowell,* 64 Maine, 572.

Evidence of the general agency of Montgomery for the defendant was inadmissible and irrelevant, and it tended to affect and control the verdict. That was the reason why it was introduced, and it seriously affected the rights of the defendant. *Warren* v. *Walker,* 23 Maine, 460; *Mussey* v. *Mussey,* 68 Maine, 348; *Ellis* v. *Short,* 21 Pick. 142; *Farnum* v. *Farnum,* 13 Gray, 508; *Brown* v. *Cummings,* 7 Allen, 507; *Ellingwood* v. *Bragg,* 52 N. H. 488; *Oxnard* v. *Swanton,* 39 Maine, 125.

When a new trial is granted in a cause for any reason, the plaintiff begins *de novo.* The parties are in no way affected by the fact that there has been a previous trial. All the steps of a trial must be taken. If either party wants to show the contents of papers in the possession of the other notice required by the rules must be given. *Holley* v. *Young,* 68 Maine, 215.

There was no waiver of notice by the defendant, and the evidence to prove it was incompetent, and the instruction of the presiding justice upon this point was erroneous. *Linscott* v. *Trask,* 35 Maine, 150; 1 Greenl. Ev. § 2; *Johnson* v. *Knowlton,* 35 Maine, 467; *Sawyer* v. *E. S. Co.* 46 Maine, 400; Co. Lit. 352; *Heane* v. *Rogers,* 9 B. and C. 557; *Dezell* v. *Odell,* 3 Hill's 224; *Lawrence* v. *Brown,* 1 Selden, 401.

The construction of the paper given by Knight to Stetson, October 29, 1875, was for the court. *Wilson* v. *Hanson,* 12 Maine, 58; *Miller* v. *Lancaster,* 4 Maine, 159; *Sylvester* v. *Staples,* 44 Maine, 496; *Cocheco Bank* v. *Berry,* 52 Maine, 293; 1 Greenl. Ev. § § 4, 277.

Counsel further elaborately argued this branch of the case.

PETERS, J. The defendant being an administratrix, a witness for the plaintiff was objected to, because pecuniarily interested in the result of the suit. It was decided in *Gunnison* v. *Lane,* 45 Maine, 165, that an interested witness could testify, and that it was a party only who could not, in a case where the adverse party "is an administrator or executor, or made a party as an heir of a deceased party." The words "any cases" in § 87, c. 82, R. S., would make the section clearer, if made to read as if

written, "any parties." *Nash* v. *Reed*, 46 Maine, 168; *Millay* v. *Wiley*, Id. 230; *Wentworth* v. *Wentworth*, 71 Maine, 72.

It was a point with the plaintiff, to prove, that the thirty days notice to the administratrix, required by statute as a preliminary step to the suit, was given to her by a service upon her agent with her consent. To strengthen the probability of the fact contended for by the plaintiff, he was permitted to show that the person, upon whom the service was made, had been, and at that time was, the defendant's agent and attorney in other business connected with the same estate. It is not always easy to determine just how far such evidence as this is legally admissible. But we think that, there being a conflict of oral testimony upon the issue whether such an assent was given or not, it was competent for the plaintiff to show what the general business relations between the defendant and such person were. The evidence relates to the situation of parties. It was more likely that the defendant would entrust such business with a friend than with a stranger. Therefore it was not improper for the jury to know that the attorney, upon whom the service was made, was a business friend and not a stranger. The case of *Eaton* v. *Telegraph Co.* 68 Maine, 63, 67, is quite like this case, upon this point. See *State* v. *Witham*, 72 Maine, 531, 537.

The plaintiff gave notice to the defendant, before a previous trial of this cause, to produce a paper in her or her attorney's, possession. The court ruled, correctly, that this was notice to produce at the second or any subsequent trial of the cause. The notice, by the rule, is, to produce "on trial" of the cause. If produced at the first trial, it should have remained on file, to be used at another trial. If a party is notified that a paper is wanted at one trial, it is or should be known by such party that, if there be a new trial, the paper will be wanted again. The case of *Holley* v. *Young*, 68 Maine, 215, makes against the defendant upon this point, although cited in her behalf.

Upon the issue, whether there was or not a waiver by the defendant of the thirty days personal notice upon herself, the court gave to the jury this (requested) instruction: "If Stetson made a verbal demand or claim upon Mrs. Knight in person for the

bonds, and she told him to go and see Montgomery, that he was doing her business for her and would attend to it, it is competent evidence upon which the jury may find that she waived the service of the written notice upon her personally, and that service upon Montgomery would be sufficient." This is complained of by the defendant. The ruling was that the evidence was competent, not that it was conclusive; that it *might* prove the creation of an agency, not that it *did* prove it; the effect and value of the evidence were left for the jury to determine. And taking into consideration the nature of the business, the situation of the parties, and the point to be made out, we think the jury were justified in their conclusion that the fact in issue was, by such evidence, satisfactorily proved. The point was a preliminary one, upon which the real merits of the controversy between the parties did not rest, but was of vital consequence to the plaintiff.

All the remaining questions in the case are resolvable into one, pertaining to the construction to be given to the agreement or paper following: "Boston, October 29, 1875. I have this day received of Ruel Philbrook a bill of sale of all the furniture and fixings in number six and seven, Bowdoin square, now owned and occupied by Ruel Philbrook of Boston, to secure to John B. Stetson, for the redemption of two five hundred bonds, which was placed in the hands of John Burbank to raise the sum of one thousand dollars; and should the bond not be redeemed by said Philbrook and delivered to the said Stetson, I agree to indorse over said bill sale to Mrs. J. C. Stetson, or to any one she may dictate, at any time after sixty days from date hereof. Said bill sale is subject to a mortgage of the same furniture and fixtures given to James Mahoney of the city of Boston, and said Mrs. J. C. Stetson is to have full power to hold and execute said bill sale as I myself.                    E. G. Knight."

There was evidence tending to show that the two bonds named in this paper had been loaned by the plaintiff's intestate to the defendant's intestate; that the receiver had been pressed to return the bonds or pay the money for them; that excuses and postponements followed; that finally this paper was delivered,

signed by the defendant's intestate alone. It was claimed, at the trial, by the defendant, that this paper, *ex priprio vigore*, was a substitute for and an extinguishment of all prior oral agreements about the bonds, if any such agreements were made. The plaintiff's position was, that the paper was, at most, only a collateral contract. The question was submitted to the jury to decide, under the evidence, whether the paper was, in fact, intended by the parties as a settlement of any previous oral agreement, or whether it was intended to be merely collateral and additional thereto.

There was no error in this ruling. The paper was not difficult to interpret. But the use to be made of it, after its meaning was ascertained, was the question. It belongs to that class of papers which do not declare upon their face the purposes for which they are intended. It does not contradict them to show for what they were intended. For instance : A note of hand may be given for an account. The meaning and legal effect of the note cannot be doubted ; but, whether it is a payment of the account, or only collateral to it, may be shown by other evidence. If, however, it is declared in the note itself, that it is in payment of the account, that would settle the question. So, if, in this case, the paper had furnished evidence upon its face of the application and use to be made of it, that would have forbidden any other construction. But it does not. It is susceptible of being a part of a previous, or the whole of a new, transaction. *State* v. *Patterson,* 68 Maine, 473.

<div align="right">*Exceptions overruled.*</div>

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.