FRANCES D. BURRILL, Executrix, *vs.* JULIA A. GILES, Executrix

Hancock.    Opinion March 29, 1920.

*Bill in equity under R. S., Chap. 92, Sec. 22.    Accommodation promisor.    Failure*
*of consideration.    Justice and equity do not require relief sought.    Phrase*
*"adverse party" under R. S., Chap. 87, Sec. 117, paragraph II*
*and VI defined.*

This is a bill in equity brought by the executrix of the will of Charles C. Burrill, late of Ellsworth, Maine, deceased, and now prosecuted by an administratrix D. B. N. against Julia A. Giles, executrix of the will of Jeremiah T. Giles, late of Ellsworth.    The bill is brought under R. S., Chap 92, Sec. 22, to obtain equitable relief from the bar of the statute, requiring suits to be brought within 20 months from the filing of the affidavit by the executrix that she has given notice of her appointment.

In this form of proceeding it is incumbent upon the plaintiff to prove that "justice and equity" require the application of the statute.

To this averment the defendant answered:    "That said note was given wholly for the accommodation of Charles C. Burrill.    The defendant is the executrix, widow and residuary legatee of said Jeremiah T. Giles."    This answer puts directly in issue the averment of "justice and equity," in the plaintiff's bill. Upon this issue, against objection, Mrs. Giles was permitted to testify, although the plaintiff had not taken the stand to testify.

A question of procedure arises in this case which it may be not unprofitable to consider.    In the progress of the trial exceptions were taken to the admission of the testimony of the widow, and executrix of the defendant estate.    The case, however, comes up on appeal without stating or even alluding to the ground of the exceptions.    So far as the appeal goes no exceptions appear; nor should they.    They are found only by a reference to the development of the testimony in the trial of the case.

In law the rule is that exceptions must be clearly stated and show a grievance or they will not be entertained.    This is not the practice, however, in equity. The differentiation in this regard between the rule in law and in equity is found upon the requirement that every finding in equity must be expressed in the form of a decree by the sitting Justice; that this decree absorbs all that transpired in the trial which will be shown by the testimony.

*Held:*

(1)    That when exceptions appear in the record of a case in equity, they are not to be considered as a matter of law, upon which the decree may or may not be

overturned, but in determining whether there is sufficient legal evidence to sustain the decree, regardless of the merits of the exceptions.

(2)   That under R. S., Chap. 87, Sec. 117, paragraphs II and VI, the phrase "adverse party" always means the living party, whether plaintiff or defendant.

(3)   That when both plaintiff and defendant are representative, either may take the initiative in testifying to facts happening before the death of which the representative has personal knowledge.

(4)   That the purpose of paragraph VI is to enable the opposite party, whether representative or adverse, to call the plaintiff as a witness, and at the same time inhibit the "adverse party" from claiming the right to testify as he might had the plaintiff voluntarily taken the stand.

(5)   That paragraph VI does not inhibit the representative party, when the opposite party, from claiming such right.

(6)   That the fact that the representative party defendant was the widow and residuary legatee of her decedent did not debar her from testifying.

This is a bill in equity brought by the executrix of the will of Charles C. Burrill, and prosecuted by Sarah Burrill Tatley as administratrix, d. b. n against Julia A. Giles, executrix of the will of Jeremiah T. Giles, under R. S., Chap. 92, Sec. 22, seeking relief from the statute requiring suits against a decedent's estate to be brought within twenty months from the filing of affidavit by executrix of having given notice of her appointment.   The payment of a note given by said Jeremiah T. Giles to said Charles C. Burrill is involved.   Defendant claims that the note was given wholly as an accommodation to said Charles C. Burrill.

The cause was heard upon bill, answer, replication and proofs, and the presiding Justice found that said note was without consideration having been given solely for the accommodation of said Charles C. Burrill, and dismissed the bill.   Plaintiff appealed.   Appeal dismissed with costs.

Case stated in the opinion

*D. E. Hurley,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J.   This is a bill in equity brought by the executrix of the will of Charles C. Burrill, late of Ellsworth, Maine, deceased, and now prosecuted by an administratrix d. b. n. against Julia A. Giles, executrix

of the will of Jeremiah T. Giles, late of Ellsworth. The bill is brought under R. S., Chap. 92, Sec. 22, to obtain equitable relief from the bar of the statute, requiring suits to be brought within 20 months from the filing of the affidavit by the executrix that she has given notice of her appointment.

It is unnecessary to go further with the statement of facts, as the decision of the case turns upon the admissibility of certain evidence touching the merits of the case, regardless of an observance of the other technical requirements of the statute. In this form of proceeding it is incumbent upon the plaintiff to prove that "justice and equity" require the application of the statute.

To this averment the defendant answers and says: "That said note was given wholly for the accommodation of Charles C. Burrill and that her decedent was not indebted to said Burrill thereon. The defendant is the executrix, widow and residuary legatee of said Jeremiah T. Giles." This answer puts directly in issue the averment of "justice and equity," in the plaintiff's bill. Upon this issue, against objection, Mrs. Giles was permitted to testify, although the plaintiff had not taken the stand to testify. At this juncture the final issue is correctly expressed in the plaintiff's brief as follows: "The whole case hinges upon the testimony of Mrs. Giles, the defendant and the first question for the court to determine is, whether or not Mrs. Giles, the executrix of the estate of Jeremiah T. Giles is a competent witness under the laws of our State, when the plaintiff herself does not testify or offer herself as a witness."

A question of procedure arises in this case which it may be not unprofitable to consider. In the progress of the trial the plaintiff took exceptions to the ruling of the presiding Justice in admitting the testimony of the widow, and executrix of the defendant estate, against the objection of the executrix of the plaintiff estate. The case, however, comes up on appeal without stating or even alluding to the ground of the exceptions. So far as the appeal goes no exceptions appear; nor should they. They are found only by a reference to the development of the testimony in the trial of the case.

In law exceptions must be clearly stated and show a grievance or they will not be entertained. This is not the practice, however, in equity. In *Redman* v. *Hurley*, 89 Maine, 428, this question was fully considered. The differentiation in this regard between law and equity is founded upon the requirement that every finding in equity

must be expressed in the form of a decree by the sitting Justice; and that this decree absorbs all that transpired in the trial, and incorporates all that is shown by the testimony. The court says, page 434. "The verdict below is advisory only. The court there might grant a decree, following the verdict or directly against it, as the equity of the case might require, *Metcalf* v. *Metcalf*, 85 Maine, 473."

"The soundness of verdicts in actions at law are first determined before judgment. Not so in equity; because some decree should follow the trial either upon the verdict or against it, and therefore when a cause in equity comes up on appeal, it comes up for final decision, unless the court shall otherwise order,—which is rarely the case—and the regularity of procedure upon the trial to the jury becomes wholly immaterial. The cause in the Appellate Court is heard anew and the admission or exclusion of evidence is of no consequence, except so far as it shall be considered competent for consideration on appeal. The motion and exceptions, therefore, need not be considered here; for the vital question is whether there is sufficient legal evidence to sustain the decree below, which carries with it a presumption in its favor."

Accordingly as exceptions appear in the record of a case in equity, they are not to be considered as a matter of law, upon which the decree may or may not be overturned, but only in determining whether there is sufficient legal evidence to sustain the decree regardless of the merits of the exceptions. In the present case the rights of the parties depend solely upon the testimony of the defendant testatrix. If legal evidence the decree was unquestionably right; if not legal evidence, without any adequate evidence to sustain it.

Two objections are raised to the right of the defendant executrix to testify as a witness on her own motion, (1) That she should have been excluded under R. S., Chap. 87, Sec. 117, as an "adverse party," and not entitled to testify unless the plaintiff executrix had first taken the stand; (2) that as widow and legatee of her decedent she should have been excluded under the same statute.

In discussing these contentions it should be borne in mind that both the plaintiff and defendant are representative parties.

Paragraph II of Section 117, employs language general enough to allow either the representative party plaintiff or the representative party defendant to take the initiative in offering testimony. It reads: "In all cases in which an executor, administrator or other

representative of the deceased person is a party, such party may testify to any fact admissible upon rules of evidence happening before the death of such person; and when such person so testifies the adverse party is neither excluded nor excused from testifying in reference to such facts." This provision does not limit the right of either representative party. It is broad enough to allow either to take the initiative in testifying to facts happening before the death. It has been so decided. *Haskell* v. *Hervey*, 74 Maine, 192, is a case in which both plaintiff and defendant are representative parties. In construing the language of this statute the court say: "The language is most general. It applies in all cases where an executor, administrator or representative of a deceased party is a party. The plaintiff assuredly was such. The wisdom of the statute is apparent, as without it material and important evidence necessary for the purpose of justice might otherwise be excluded."

But the plaintiff contends that paragraph II should be construed in connection with paragraph VI, which provides: "In all actions brought by the executor, administrator or other legal representative of a deceased person, such representative party shall not be excused from testifying to any facts admissible upon general rules of evidence happening before the death of such person if so requested by the opposite party. But nothing herein shall be so construed as to enable the adverse party to testify against the objection of the plaintiff when the plaintiff does not voluntarily testify."

In casually reading paragraph VI we are apt to regard the defendant "the adverse party" whether he appears in an individual or representative capacity; but such is not the case.

"The adverse party," who is precluded from testifying under paragraph II, and by the last clause of paragraph VI of the statute, unquestionably means the living party, whether plaintiff or defendant. When the plaintiff is the representative party, the living defendant is "the adverse party." When the representative party is defendant, the living plaintiff is "the adverse party." When both parties are living, either may fully testify, when both parties are representative, either may voluntarily testify as to "one or more facts happening before the death of which the representative party has personal knowledge." *Hall* v. *Otis*, 77 Maine at page 126.

The manifest purpose of paragraph VI was to enable "the opposite party" to call the plaintiff to testify. The meaning of the statute is

somewhat obscure. It will be noted that "the opposite party" may call the plaintiff as a witness, but that the "adverse party" only in such a case, is inhibited from testifying.

A proper analysis of the phrases "the opposite party" and "the adverse party" seems to make the purpose of the statute clear. The phrase "the opposite party" is broader than the phrase "the adverse party." "The opposite party" may be a living party, or a representative party, defendant; but "the adverse party" means only the living party. If the defendant is the representative party, then the invoking of the statute opens no door, not already open, for the defendant could voluntarily testify under paragraph II without waiting for the plaintiff to first take the stand. The last clause of paragraph VI therefore applies only when the defendant is "the adverse party." Accordingly if "the opposite party" is "the adverse party" then the last clause of the paragraph, enacted for that sole purpose, comes in and inhibits him from claiming that the door has been opened to him to testify, upon the ground that the plaintiff has testified at his behest. Moreover, what possible reason could be suggested for giving a representative plaintiff the right to voluntarily testify against a representative defendant, and not give the same voluntary right to the defendant. If there is any distinction it is certainly in favor of the defendant whose decedent's estate has been compelled to come into court. Two estates contesting in court should be on an equal footing.

The plaintiff cites *Burleigh* v. *White, Admr.*, 64 Maine, 25; *White* v. *Brown, Admr.*, 67 Maine, 196; *Holmes, Admr.* v. *Brooks*, surviving partner, 68 Maine, 416; in support of this contention. But the necessary inference from these cases is the other way. All the defendants were representative parties. The court held that the living plaintiff, "the adverse party," could not testify unless the representative party had first offered himself as a witness. The whole force of the inference is that the representative party could have taken the initiative as a witness, as well if defendant, as if plaintiff, and that by so doing he would then have opened the door to "the adverse party" to testify, within the limitations of the statute, whether plaintiff or defendant.

Coming now to proposition (2), was the defendant precluded from the right to testify because she was the widow and residuary legatee of her decedent?

Under the statute a wife cannot testify to facts within her personal knowledge, happening before the death, to which her husband could not testify. But her incapacity as wife is based upon the ground of public policy. See *Walker* v. *Sanborn,* 46 Maine, 470, where the reasons are fully discussed. In that case it is also decided with the reasons therefor, that the widow may testify as to facts happening before the death of her husband, in a suit by or against a representative party, whether of his estate or any other estate. The court say: "The exclusion, on this latter ground, (confidential communciations) rests not upon the nature of the evidence, but upon the source or mode in which the knowledge is obtained by the husband or wife. If obtained from any other sources, and not by reason of the existing relations, or from confidential communications, then the reason also ceased; and, after the death of the husband, the wife may testify as to the knowledge of the facts thus acquired. The test is to be applied to the manner of acquiring information, rather than to the nature of the facts disclosed by the witness." From an examination of the testimony it will be seen that the information from which Mrs. Giles testified to certain facts, was obtained in precise accord with the rule above laid down. She sat by and heard the conversation between the deceased parties as to the purpose of the note in suit. She should not be excluded from testifying because she was the widow of her decedent.

Nor can she be precluded because she was interested as residuary legatee. *Haskell* v. *Hervey,* 74 Maine, 192. *Rawson Admr.* v. *Knight,* 73 Maine 340.

Her evidence was ample to sustain the decree.

*Appeal dismissed with costs.*